IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| J. MICHAEL CAMPBELL c/o DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JOHNNIE AND KAREEM ROSS,<br><br>Defendants,<br><br>JOHNNIE ROSS, CHARLES MEADOWS, JOSEPH RIGGINS AND NICOLE RIGGINS,<br><br>Third Party Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY, TRACEY K. DEWRELL, Individually, MARA S. SACKS, Individually, and DEWRELL SACKS, LLP.,<br><br>Third Party Defendants. | 1:05-CV-107 (WLS) |

**ORDER**

Pending before the Court are numerous motions filed by the parties. First is Defendant's/Third Party Plaintiff's (hereinafter "Plaintiffs") motion to remand. (Doc. 9). In relation to that motion are also Plaintiffs' motion for oral argument (Doc. 22) and Third Party Defendant Ameriquest's (hereinafter "Ameriquest") motion to file a sur-reply brief. (Doc. 31). Also, pending are Ameriquest's motions to dismiss the third party complaint (Doc. 3) and motion to strike. (Doc. 4). Lastly, pending before the Court is Third Party Defendants', Tracey Dewrell, Mara Sacks, and Dewrell Sacks, LLP (hereinafter "the Dewrell Sacks" defendants), motion to dismiss the third party complaint against them. (Doc. 6). For the following reasons, Plaintiffs' motion to remand (Doc. 9) is **DENIED without prejudice;** Ameriquest's motion to file a sur-reply brief (Doc. 31) is **GRANTED;** Defendant's motion

for oral argument (Doc. 22) is **DENIED**; Ameriquest's motion to dismiss the third party complaint (Doc. 3) is **DENIED without prejudice;** Ameriquest's motion to strike (Doc. 4) is **DENIED without prejudice;** and Dewrell Sacks' motion to dismiss the third party complaint (Doc. 6) is **DENIED without prejudice.**

## DISCUSSION

This case arises out of a dispossessory proceeding in Magistrate Court of Dougherty County filed by the J. Michael Campbell c/o Deutsche Bank Trust Company (hereinafter "Deutsche"). Ross had the case transferred to the Superior Court of Dougherty County, added the remaining Third Party Plaintiffs, and filed a third party class action complaint against Ameriquest and the Dewrell Sacks Defendants.

Plaintiffs allege that Ameriquest has engaged in predatory lending in violation of the Georgia Fair Lending Act. Plaintiffs allege that the Dewrell Sacks Defendants in closing these alleged predatory loans for Ameriquest has engaged in legal malpractice. Plaintiffs allege that Ameriquest and the Dewrell Sacks have conspired to violate the Georgia Fair Lending Act. Plaintiffs also allege that the Dewrell Sacks Defendants engaged in the unauthorized practice of law by hiring non-lawyers to perform work related to the closings which Geogia law requires to be performed by licensed attorneys. Plaintiffs also seek injunctive relief and punitive damages. Plaintiffs do not raise any federal claims.

All three Dewrell Sacks Defendants are citizens of Georgia. Ameriquest is a Delaware corporation with its principal place of business in Orange, California. The named Plaintiffs and the putative class members are all citizens of Georgia

Ameriquest removed this case based on two grounds: (1) the Class Action Fairness Act, 28 U.S.C. § 1332(d); and (2) one of the proposed class members, Johnnie Ross, filed a petition for relief under Chapter 13 of the Bankruptcy Code. Plaintiffs move to remand on numerous grounds. First, they argue that a Third Party Defendant is not permitted to remove a case to district court. Second, Plaintiffs argue that the Class Action Fairness Act is not applicable to this claim. Third, Plaintiff's argue that the fact that one of the Plaintiffs has filed bankruptcy does not confer jurisdiction on this Court. Plaintiffs also argue, in the

alternative, that if this Court did have jurisdiction it should abstain from hearing the case.

The Court is aware that this case has been conditionally transferred by the Multi-District Litigation Panel to United States District Court for the Northern District of Illinois for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.  <u>In re Ameriquest Co. Mortgage Lending Practices Litigation</u>, MDL-1715.  This Court has examined the dockets of approximately twenty (20) of the cases transferred so far and found that no court had granted any motions to remand removed cases or motions to dismiss the complaints.  Because this case involves similar questions of law and fact as the other transferred cases and because it would be more appropriate to rule on the instant motions after the referral back to this Court, this Court will not rule on the merits of the pending substantive motions at this time..  Accordingly, Plaintiffs' motion to remand (Doc. 9) is **DENIED without prejudice;** Ameriquest's motion to dismiss the third party complaint (Doc. 3) is **DENIED without prejudice**; the Dewrell Sacks Defendants' motion to dismiss the third party complaint (Doc. 6) is **DENIED without prejudice;** Plaintiffs' motion for oral argument (Doc. 22) is **DENIED;** Ameriquest's motion to strike (Doc. 4) is **DENIED**.

**SO ORDERED**, this   29th   day of March, 2006.


    /s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**