**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| J. MICHAEL CAMPBELL c/o DEUTSCHE BANK NATIONAL TRUST COMPANY,  :  Plaintiff,  :  v.  :  JOHNNIE AND KAREEM ROSS,  :  Defendants,  :  JOHNNIE ROSS, CHARLES MEADOWS, JOSEPH RIGGINS AND NICOLE RIGGINS,  :  Third Party Plaintiffs,  :  v.  :  AMERIQUEST MORTGAGE COMPANY, TRACEY K. DEWRELL, Individually, MARA S. SACKS, Individually, and DEWRELL SACKS, LLP.,  :  Third Party Defendants. | 1:05-CV-107 (WLS) |

## **ORDER**

Pending before the Court are numerous motions filed by the parties. First is a joint motion by the parties to postpone the preliminary Rule 16/26 requirements. (Doc. 30). In a similar vein is Third Party Defendants' motion to stay discovery until 10 days after the motion to dismiss is decided by this Court. (Doc. 40). Also, pending is Third Party Plaintiff's motion to amend/correct the order entered by this Court on March 29, 2006. (Doc. 36). Lastly, pending is the Third Party Defendants Dewrell's, Sacks' and Dewrell Sacks, LLP's (hereinafter "Dewrell-Sacks") motion to vacate the conditional transfer order. (Tab 35). For the following reasons, the parties' motion to stay the preliminary Rule 16/26 requirements (Doc. 30) is **GRANTED;** the Third Parties request to stay discovery (Doc. 40) is **GRANTED-IN-PART and DENIED-IN-PART;** the Third Party Plaintiff's motion to

amend/correct the March 29, 2006, order (Doc. 36) is **DENIED**; and the motion to vacate the conditional transfer order, to the extent it is addressed to this Court, (Doc. 35) is **DENIED.**

## DISCUSSION

This case arises out of a dispossessory proceeding in Magistrate Court of Dougherty County filed by the J. Michael Campbell c/o Deutsche Bank Trust Company (hereinafter "Deutsche").  Ross had the case transferred to the Superior Court of Dougherty County, added the remaining Third Party Plaintiffs, and filed a third party class action complaint against Ameriquest and the Dewrell-Sacks Defendants.

Plaintiffs allege that Ameriquest has engaged in predatory lending in violation of the Georgia Fair Lending Act.  Plaintiffs allege that the Dewrell-Sacks Defendants in closing these alleged predatory loans for Ameriquest has engaged in legal malpractice.  Plaintiffs allege that Ameriquest and the Dewrell-Sacks have conspired to violate the Georgia Fair Lending Act.  Plaintiffs also allege that the Dewrell-Sacks Defendants engaged in the unauthorized practice of law by hiring non-lawyers to perform work related to the closings which Geogia law requires to be performed by licensed attorneys.  Plaintiffs also seek injunctive relief and punitive damages.  Plaintiffs do not raise any federal claims.

All three Dewrell-Sacks Defendants are citizens of Georgia.  Ameriquest is a Delaware corporation with its principal place of business in Orange, California.  The named Plaintiffs and the putative class members are all citizens of Georgia.

As noted in the March 29, 2006, order of this Court, this case appears to be similar in some ways to other actions brought against Ameriquest alleging predatory lending practices that are currently pending before the Multi-Litigation Panel.  As the panel is contemplating asserting jurisdiction over this case, it is appropriate to stay the filing of the proposed discovery order and to stay discovery until the jurisdictional issue is decided by the Multi-Litigation Panel.  Therefore, the parties request to postpone the requirements of the Rule 16/26 order (Doc. 30) is **GRANTED** until further order of this Court and Third Party Defendants' motion to stay discovery until after this Court should decide the motion to dismiss (Doc. 40) is **GRANTED-IN-PART and DENIED-IN-PART.**  Discovery is stayed

until further order of this Court.

Third Party Plaintiffs asks this Court to amend/correct its March 29, 2006, order to omit the language observing that this case raises similar issues as those cases already accepted by the Multi-Litigation Panel. (Doc. 36). The statement, taken in context, was not meant as a legal finding or as an attempt to usurp the authority of the Multi-Litigation Panel in deciding whether to accept jurisdiction over this case. Instead, it was a casual observation that there were overt similarities between this case and the other cases to warrant further analysis by the Panel. Therefore, with this explanation in mind, Third Party Plaintiffs' motion to correct/amend said order (Doc. 36) is **DENIED.** Lastly, pending is the Dewrell-Sacks Defendants' motion to vacate the conditional transfer order. (Doc. 35). The pleading reveals that the motion is addressed to the Multi-Litigation Panel, not to this Court. To the extent the motion is addressed to this Court, it (Doc. 35) is **DENIED without prejudice.**

**SO ORDERED**, this   20th   day of June, 2006.

    /s/W. Louis Sands  
**W. LOUIS SANDS, CHIEF JUDGE**  
**UNITED STATES DISTRICT COURT**